951 F.2d 361
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael L. MONTALVO, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 90-16617.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 26, 1991.*
Decided Dec. 13, 1991.
 
 Before HUG, POOLE and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael L. Montalvo, a federal prisoner, appeals pro se the district court's dismissal pursuant to Fed.R.Civ.P. 12(b)(6) of his action to enjoin the United States from pursuing the forfeiture of any assets not already forfeited. We review de novo, Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir.1987), and we affirm.
 
 
 3
 Montalvo was convicted in 1989 for operating a continuing criminal enterprise to sell cocaine in violation of 18 U.S.C. § 848. His conviction included a count under 21 U.S.C. § 853 for the criminal forfeiture of $59,800 in illegal drug proceeds found in Montalvo's possession when he was arrested. Subsequently, the United States filed a civil in rem forfeiture action against the Mayfair Apartment building, alleging that the building had been purchased by Montalvo with illegal drug proceeds. After discovery revealed that the building had been sold to a buyer who was not connected with the drug operation, the government dismissed the action against the Mayfair Apartment building and instituted forfeiture proceedings against the promissory notes that were used to finance the sale of the building and that represent part of the sale price of the building.
 
 
 4
 In this action, Montalvo sought to enjoin the government from pursuing civil forfeiture actions against his property on the following grounds: (1) the United States should have listed all forfeiture counts in his criminal indictment and is barred from bringing any subsequent civil forfeiture actions, (2) the United States's "piecemeal" forfeiture actions violate his constitutional rights, (3) a civil forfeiture action following a criminal conviction constitutes double jeopardy, and (4) the government had no probable cause to institute the forfeiture proceedings because the assets are not drug proceeds and because his criminal conviction is invalid.
 
 
 5
 Montalvo essentially seeks to prevent the government from proceeding with civil forfeiture proceedings already initiated against him. His challenges to the propriety of the forfeiture proceedings, however, should be litigated in the civil forfeiture action, not in a collateral attack on the proceedings. See United States v. Elias, 921 F.2d 870, 872-75 (9th Cir.1990); United States v. United States Currency, $83,310.78, 851 F.2d 1231, 1233, 1235 (9th Cir.1988). Because Montalvo has an adequate remedy at law to attack the legality of the forfeiture proceedings, the district court properly dismissed Montalvo's action. See Elias, 921 F.2d at 872-73.
 
 
 6
 We also affirm the district court's dismissal of Montalvo's claim for damages against the government for alleged abuse of process for bringing separate civil forfeiture actions. It is clear from the face of Montalvo's complaint that this claim is frivolous, see Neitzke v. Williams, 490 U.S. 319, 325 (1989), and that Montalvo "can prove no set of facts ... [that] would entitle him to relief" on this claim, see Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir.1986), cert. denied, 479 U.S. 1054 (1977).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3